**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE H. ALVAREZ, | No. 14-55957 |
| Petitioner - Appellant, | D.C. No. 5:11-cv-01587-VBF-DTB |
| v. | |
| RON RACKLEY, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 6, 2016[**]
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Jorge Alvarez appeals from the district court's judgment denying his petition

for a writ of habeas corpus. Reviewing the district court's decision de novo,

*Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Alvarez contends that the evidence at trial was insufficient to support his conviction for attempted premeditated murder. *See* Cal. Penal Code §§ 187(a), 664, & 12022.53(d). Under *Jackson v. Virginia*, 443 U.S. 307 (1979), we are bound to reject challenges to the sufficiency of the evidence supporting a conviction unless, viewing the evidence in the light most favorable to the prosecution, we are convinced that no rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319. And under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may grant federal habeas relief based on the unreasonable application of clearly established Federal law only if the state court decision rejecting a petitioner's claim on the merits is objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003); *see* 28 U.S.C. § 2254(d)(1).

The California Court of Appeal's conclusion that sufficient evidence supported Alvarez's conviction is not objectively unreasonable. Alvarez initially shot his victim multiple times from a distance of no more than a few car lengths. He then pulled his truck next to his victim's vehicle (which by then had crashed and was immobilized) and fired at least three more times. One of the bullets struck the victim in the leg. The shooting caused severe injuries from which the victim has not fully recovered. That course of conduct is consistent with attempted

murder.  *See People v. Perez*, 234 P.3d 557, 562–63 (Cal. 2010).  Alvarez also had the gun readily available when he came upon his victim and admitted putting the gun in his truck the morning of the shooting, evidence from which a reasonable jury could infer that he reflected on the consequences of his actions before taking them.  *See People v. Solomon*, 234 P.3d 501, 517–18 (Cal. 2010).  Alvarez objects that there was no evidence linking him to his victim.  But evidence of such a connection is not required to sustain an attempted premeditated murder conviction, *see Perez*, 234 P.3d at 563, and the evidence the jury did receive more than sufficed to support his conviction under the deferential standard that *Jackson* and AEDPA impose.

**AFFIRMED.**